IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>Alvaro Tapia-Rojas,<br><br>    Defendant/Petitioner. | No. CR 04-967-PHX-MHM<br>No. CV 04-2834-PHX-MHM (MS)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

Movant, currently confined at the California City Correctional Institution, California City, California, filed a "Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" pursuant to 28 U.S.C. § 2255 ("Motion") on December 9, 2004. [Doc. # 20].[1]  In his Motion, Movant claims that his plea agreement was not knowingly and voluntarily made, in that he though that he would receive no more than 12 months imprisonment. [Id. at 4].  In his second claim, Movant contends that counsel was ineffective for advising him that his sentence would be "a minimum one." [Id.].

---

[1] Although Movant's Motion has been assigned a civil number, CV 04-2834-PHX-MHM (MS), all documents related to this motion are filed in the Court's criminal file, CR 04-967-PHX-MHM.  Therefore, whenever the undersigned refers to a document contained in the file for this case, he refers to the docket number of the document contained in the criminal file.

I.   **PROCEDURAL BACKGROUND**

On August 16, 2004, a criminal complaint was filed charging Movant with Re-entry After Deportation, enhanced by a prior felony offense. [Doc. # 1]. See 8 U.S.C. § 1326(a), (b)(2). Movant retained counsel. On September 7, 2004, Movant plead guilty to Count II of an Information charging him with that offense. [Doc. # 8 (Information); 11]. The plea agreement outlines ranges of sentences that Movant could receive, depending on the basis of the underlying felony conviction and his criminal history. [Doc. # 19 at 2-4]. Movant was sentenced to 30 months imprisonment and a two-year supervised release term. [Doc. # 17, 18]. The instant motion followed.

In its Response to the Motion, the Government first contends that Movant waived his right to appeal in the plea agreement. [Doc. # 29 at 2-3]. The Government further avers that this waiver is valid because Movant received a sentence consistent with the plea agreement. [Id. at 3]. As to Movant's claim that his plea was not knowing or voluntary, the Government notes that during the plea colloquy, Movant stated that he understood that his sentence could be up to 63 months imprisonment. [Id. at 4]. The Government concludes that counsel could not have been ineffective, as Petitioner was sentenced at the bottom of the guideline range. [Id.]. The Court provided time for Movant to file a Reply to the Government's contentions (Doc. # 30), but Movant failed to do so even after the Court's Order was mailed to the correct address.[2]

II.   **ANALYSIS**

A federal prisoner may move the sentencing court to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

---

[2] Movant failed to file a notice of change of address, and therefore the Court's order regarding a Reply was returned as undeliverable. [Doc. # 31].

1  jurisdiction to impose such sentence, or that the sentence was in excess of the
2  maximum authorized by law, or is otherwise subject to collateral attack." 18 U.S.C.
3  § 2255. Movant makes claims in his Motion of ineffective assistance of counsel in
4  violation of his Sixth Amendment right to counsel, and that his Fourteenth
5  Amendment due process rights were violated because his plea was not knowing and
6  voluntary in relation to the sentence he thought he would receive.

### A.  Movant's Waiver of His Appeal Rights

8  A movant may waive a right to appeal, including a right to relief pursuant to 28
9  U.S.C. section 2255, as part of a plea agreement. However, such a waiver may not
10 apply to a collateral attack alleging ineffective assistance of counsel, United States
11 v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (citing United States v. Abarca, 985 F.2d
12 1012, 1014 (9th Cir. 1993)). A defendant's waiver of appeal rights is only valid if it
13 is made knowingly and voluntarily. United States v. Bolinger, 940 F.3d 478, 480 (9th
14 Cir. 1991); United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990), cert.
15 denied, 503 U.S. 942 (1992). The longstanding test for determining the validity of
16 a guilty plea is whether 'the plea represents a voluntary and intelligent choice
17 among the alternative courses of action open to the defendant.'" Hill v. Lockhart,
18 474 U.S. 52, 56 (1985) (internal citations omitted). Where a defendant is
19 represented by counsel during the plea process and enters his plea upon the advice
20 of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was
21 within the range of competency demanded of attorneys in criminal cases.'" Id. at 57
22 (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).

23 Movant does not claim in his Motion that his waiver of appeal rights was not
24 knowingly or voluntarily made. Although the Government raised the issue of waiver,
25 Movant failed to respond to the contention. A review of the plea colloquy
26 demonstrates that the Court explained Movant's right to appeal his conviction and
27 sentence, and his right to collaterally attack his sentence, and that Movant
28 understood that he was waiving his these rights. [Doc. # 29, Attachment B at 14, ll.

1  8-14 (Plea Colloquy Transcript)]. It would not have been unreasonable for counsel
2  to recommend that Movant accept the appeal waiver. Such a waiver is standard in
3  most plea agreements offered by the Government. If counsel would have insisted
4  that the waiver provision be removed, the Government easily could have rescinded
5  its plea offer.
6       Accordingly, the Court finds that Movant knowingly and voluntarily waived his
7  right to collaterally attack his sentence.

### B. Movant's Claim That His Plea Was Not Knowing Or Voluntary As To The Sentence Received

To the extent that Movant did not waive his right to collaterally attack his sentence, Movant's claim that he did not knowingly or voluntarily agree to the possibility of a 30-month sentence fails. Movant stated during the plea colloquy that he read the plea agreement, that his lawyer explained all of its provisions, and that he was able to ask his attorney questions regarding its terms. [Doc. # 29, Attachment B at 7]. The Magistrate Judge advised Movant that the maximum term of imprisonment for the offense is up to 20 years in prison, and Movant stated that he understood this. [Id. at 8-9]. The Magistrate Judge further asked if Movant understood how the sentencing guidelines work, and Movant answered that he understood. [Id. at 9-10]. The Magistrate Judge advised Movant that the maximum guideline range under the plea agreement that he could receive was 63 months incarceration. [Id. at 10]. Movant stated that he understood the maximum sentence under the plea agreement. [Id.]. At no time during the plea colloquy did Movant indicate to the Court that his counsel had advised him that he would receive a 12-month sentence.

At his sentencing, the sentencing Judge explained how the sentencing guidelines applied to Movant, and when asked if he understood, Movant stated in the affirmative. [Id., Attachment C at 5-6 (Sentencing Transcript)]. When the sentencing Judge indicated to Movant that his criminal history score, in combination

with the downward departure in the plea agreement, resulted in a guideline imprisonment range of 30 to 37 months, Movant stated that he understood this calculation. [Id. at 8-9]. At no time during sentencing did Movant indicate to the sentencing Judge that his attorney had told him that he would be receiving a 12-month sentence.

The Court finds that Movant's plea agreement as to the possible sentencing range for his crime was knowingly and voluntarily made. The Court, therefore, will recommend dismissal of this claim.

### C. Movant's Ineffective Assistance Of Counsel Claim Related To The Sentence Received

To prevail on his claims of ineffective assistance of counsel, Movant must establish that: (1) considering all of the circumstances, his counsel's representation fell below an objective standard of reasonableness; and (2) that Movant was prejudiced by such representation. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); United States v. Solomon, 795 F.3d 747, 749 (9th Cir. 1986). A movant establishes prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

To satisfy the first prong of the Strickland test, Movant must identify the specific acts or omissions of counsel that he alleges do not meet the reasonable professional judgment standard. Id. at 688-90. The Court must then determine whether the acts or omissions alleged fall outside a wide range of professionally competent decisions given the surrounding circumstances. Id. Movant must overcome the strong presumption that his counsel's conduct fell within this wide-range of reasonable assistance, and that counsel made all significant decisions exercising reasonable professional judgment. Id. at 689-90; United States v. Hamilton, 792 F.3d 837, 839 (9th Cir. 1986), disapproved on other grounds, United

- 5 -

1  States v. Kim, 105 F.3d 1579 (9th Cir. 1997).  The Court determines the
2  reasonableness of counsel's actions from the facts of each particular case, and from
3  counsel's perspective at the time of the alleged error based on all the attendant
4  circumstances.  Strickland, 466 U.S. at 689.

5        Movant's claim that counsel advised him that he would receive a 12-month
6  sentence is entirely unsupported by the record in this case.  At both the plea
7  colloquy and his sentencing, neither counsel nor Movant indicated to the Court that
8  it was their understanding that Movant would receive a 12-month sentence.  The
9  Court further notes that the sentencing Judge specifically explained to Movant that
10 someone with Movant's criminal history does not usually receive a sentence at the
11 low end of the guidelines. [Doc. # 29, Attachment C at 14].  Therefore, it cannot be
12 said that counsel's actions regarding the sentence Movant ultimately received were
13 unreasonable, or that Movant suffered prejudice from such actions.  The Court will
14 recommend that this claim be denied.

15 **III.     RECOMMENDATION; ORDER**

16       Based on the foregoing analysis,

17       IT IS RECOMMENDED that Movant's "Motion to Vacate, Set Aside, or
18 Correct Sentence By a Person in Federal Custody" pursuant to 28 U.S.C. § 2255
19 (Doc. # 20) be DENIED and DISMISSED in its entirety.

20       This recommendation is not an order that is immediately appealable to the
21 Ninth Circuit Court of Appeals.  Any notice of Appeal pursuant to Rule 4(a)(1),
22 Federal Rules of Appellate Procedure, should not be filed until entry of the district
23 court's judgment.  The parties shall have ten (10) days from the date of service of
24 a copy of this recommendation within which to file specific written objections with the
25 Court.  28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of
26 Civil Procedure.  Failure to timely file objections to any factual determinations of the
27 Magistrate Judge will be considered a waiver of a party's right to *de novo*
28 consideration of the factual issues and will constitute a waiver of a party's right to

1 appellate review of the findings of fact in an order or judgment entered pursuant to
2 the Magistrate Judge's recommendation.

4     IT IS ORDERED that Movant file, within 20 days of the date of the filing of this
5 Report and Recommendation, a notice of change of address as required by the
6 Court's December 27, 2004 Order (Doc. # 22).
7     DATED this 23rd day of September, 2005.

                                   */s/ Morton Sitver*
                                  Morton Sitver
                            United States Magistrate Judge