**WO**

.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff/Respondent,<br><br>vs.<br><br>Alvaro Tapia-Rojas,<br><br>        Defendant/Movant. | No.  CR-04-967-PHX-MHM<br>      CIV 04-2834-PHX-MHM (MS)<br><br>**ORDER** |

Movant pro se has filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  (Doc. 20). The matter was referred to United States Magistrate Judge Morton Sitver who has issued a Report and Recommendation that recommends that the § 2255 motion should be denied.  (Doc. 32). Movant has not filed written objections to the Report and Recommendation.

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C).  The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed.  "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

////

////

**DISCUSSION**

Movant was charged with re-entry after deportation, in violation of 8 U.S.C. § 1326(a), enhanced by a prior felony. Movant retained counsel and waived indictment and consented to proceed with a guilty plea before the Magistrate Judge. Movant pleaded guilty to the re-entry after deportation offense. Movant's guilty plea was entered pursuant to a plea agreement which, by its terms, outlined the ranges of sentences that could be imposed, depending on the basis of the underlying felony conviction and Movant's criminal history. Movant also waived any right to appeal the judgment and sentence and any right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 or any other collateral attack. The Magistrate Judge entered findings that the plea was entered knowingly and voluntarily and recommended that the plea should be accepted. Movant appeared before this Court on November 30, 2004. Movant's guilty plea was accepted and Movant was sentenced to 30 months imprisonment. Movant did not file a direct appeal.

Movant has raised the following grounds in his motion for relief under § 2255. Movant contends that his plea agreement was not knowingly and voluntarily made because he thought he would receive no more than 12 months imprisonment. Movant also contends that defense counsel was ineffective for advising him that his sentence would be "a minimum one." The Magistrate Judge has recommended that Movant is not entitled to relief.

As discussed in the Report and Recommendation, Movant waived his right to appeal and his right to file a collateral attack to his conviction and sentence under 28 U.S.C. § 2255. The record of proceedings indicates that Movant's plea and waiver were entered "knowingly and voluntarily". The Magistrate Judge advised Movant of the maximum term and how the Sentencing Guidelines could be applied and Movant answered that he understood. This Court explained to Movant the application of the Sentencing Guidelines and Movant stated that he understood. The Court further explained how the guideline range of 30 to 37 months had been reached and Movant stated that he understood the calculation. Movant's claim that

defense counsel advised him that he would receive a 12-month sentence is not supported by the record.

**Accordingly,**

**IT IS ORDERED** that the Court adopts the Magistrate Judge's Report and Recommendation (Doc. 32) as the Order of the Court.

**IT IS FURTHER ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255 (Doc. 20) is denied and dismissed.

DATED this 6th day of March, 2006.

Mary H. Murguia
United States District Judge